UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NURSE JESS COSMETICS STAFFING, LLC dba REVELATION WELLNESS MED and REVELATIONWELLNESSDOC PLLC<br><br>Plaintiffs,<br><br>v.<br><br>REVELATION WELLNESS LLC<br><br>Defendant. | Case No. _____<br><br>Hon. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs Nurse Jess Cosmetics Staffing, LLC dba Revelation Wellness Med and Revelationwellnessdoc PLLC (collectively, "Plaintiffs") bring this Complaint against Defendant Revelation Wellness LLC. Plaintiffs allege as follows:

**PARTIES**

1. Plaintiff Nurse Jess Cosmetics Staffing, LLC is a limited liability company that provides management, administrative, and support services to medical practices. Plaintiff Revelationwellnessdoc PLLC is a medical practice that provides telehealth services, treatment services including medication prescription and management for

1

various medical conditions lab services, and in-office treatments including medical-grade cosmetic services. These services and treatments are provided under the care of a licensed physician. Plaintiff Revelationwellnessdoc PLLC uses the services of Plaintiff Nurse Jess Cosmetics Staffing, LLC. The medical practice is located at 141 North Milford Road Suite 103, Highland, Michigan and operates under the name Revelation Wellness Med.

2. Defendant Revelation Wellness LLC is a "non-profit ministry dedicated to helping people live healthy and whole in Christ." [Exhibit A, screenshot of https://www.revelationwellness.org/new-here/ taken October 22, 2024.] Defendant "provides training and educational services, namely, conducting training, workshops and classes in the field of health, exercise, nutrition and lifestyle management, and distribution of course materials in connection therewith, to help individuals live healthy and well lives holistically in mind, body, soul and spirit." [Exhibit B, letter from Defendant to Plaintiffs dated July 24, 2024, at p. 1; *see also* Exhibit A.]

## JURISDICTION AND VENUE

3. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq including 15 U.S.C. § 1125, the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and the Declaratory Judgment Act, 28 U.S.C.

§§ 2201 and 2202. This court therefore has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has pendent jurisdiction over related claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.

5. This Court has specific personal jurisdiction over Defendant at least through Michigan's long-arm statute, MCL § 600.715. Defendant transacts business in this District, and purposefully availed itself to opportunities within this District, and to the privilege of acting in this District, through its website [Exhibit A] as well as its coaches and instructors located in this District, including in Ann Arbor, Michigan. [Exhibit C, screenshot of https://www.revelationwellness.org/class/?filter=state&filter_value=Michigan taken October 22, 2024.] Defendant itself states that it offers services in Michigan, and has "expansion into Michigan, both physical and virtual locations." [Exhibit D, letter from Defendant to Plaintiffs dated August 16, 2024 at p. 2.] Defendant also alleged that it may have Michigan state law claims against Plaintiffs. [Exhibit B, p. 3.]

6. Defendant's actions described in this Complaint have had substantial consequences in this District. The claims in this lawsuit arise out of these actions, which in turn arise out of Defendant's contacts with this District. As a result, this Court has a specific interest in resolving the dispute raised in this lawsuit.

7. The State of Michigan and this District are central to the facts of this dispute at least because the dispute arises from the sales of medical-grade cosmetic services in this State and District and the harm to Plaintiffs' business in this State and District as a result of Defendant's actions.

8. Venue is proper in this District under at least 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to the claims in this lawsuit occurred in this District.

## ACTUAL CONTROVERSY

9. Earlier in 2024, Plaintiffs began operating Revelation Wellness Med, which offers medical-grade cosmetic services.

10. On July 24, 2024, Plaintiffs received a letter from counsel for Defendant, attached as Exhibit B. In that letter, Defendant identified two registered trademarks and a trademark application and alleged that Plaintiffs have violated Defendant's rights in these trademarks/trademark applications because (1) Plaintiffs are allegedly "in the same field as the services offered by Defendant," (2) Plaintiffs have adopted allegedly infringing company names and assumed names, (3) Plaintiffs have registered and are using the domain name www.revelationwellnessmed.com and in so doing are acting in a bad faith intent to profit from Defendant's mark, and (4) Plaintiffs are using social media accounts that contain the words "Revelation Wellness." [Exhibit B at pp. 1-2.]

11. In this letter, Defendant also communicated its intent and willingness to commence litigation against Plaintiffs. Defendant alleged that Plaintiffs' actions give rise to claims under the Lanham Act and under the laws of the States of Michigan and Arizona, and indicated that if Plaintiffs did not comply with its demands it was "prepared to take all steps necessary to protect its valuable intellectual property rights, without further notice…" [*Id*. at pp. 3-4.]

12. On or about the same day, counsel for Defendant reported a Facebook page for Revelation Wellness Med operated by Nurse Jess Cosmetics Staffing LLC falsely alleging that it infringed Defendant's alleged trademark rights. As a result of the report Facebook disabled the page. Facebook did not present an opportunity to appeal the report. Facebook is an important avenue for Plaintiffs to promote their business and Plaintiffs were and continue to be harmed by the disabling of their Facebook page.

13. Plaintiffs responded via letter sent July 25, 2024, attached as Exhibit E, denying Defendant's claims. In their response letter, Plaintiffs explained that Plaintiff Nurse Jess Cosmetics Staffing, LLC terminated its assumed name "Revelation Wellness" in favor of the assumed name "Revelation Wellness Med" which is a clearer indication of its business purpose. [Exhibit E at pp. 1-2.] Plaintiffs further explained that they were not infringing any of Defendant's trademark rights because, among other reasons, Defendant does not have any rights in "Revelation

Wellness" for medical professional services or medical staffing because it does not offer those services under any of its trademarks. [*Id*.]

14. Defendants replied on August 20, 2024 via letter attached as Exhibit D, again reiterating, "we will pursue all steps necessary to protect Revelation Wellness' valuable intellectual property rights, which are superior to any rights your client contends it has, without further notice to any of you." [Exhibit D at p. 3.]

15. Plaintiff Nurse Jess Cosmetics Staffing LLC created a new Facebook page for Revelation Wellness Med called RevelatioN Wellness Med | Wrinkles | Weight Loss | Well-Being. On September 26, 2024, counsel for Defendants submitted another report to Facebook concerning the new page, again falsely alleging Plaintiffs were infringing Defendant's trademark. [Exhibit F, screenshots of Facebook communications taken September 26, 2024.] Plaintiffs submitted an appeal to Facebook which remains pending as of the date of this Complaint. Again, Plaintiffs' business has been and continues to be harmed by the disabling of its Facebook page and as a result of Defendant's unfounded reports.

16. Counsel for the parties again exchanged emails in October 2024. [Exhibit G, email correspondence between Jessica Fleetham and Kenneth Motolenich-Salas.] In his email of October 16, 2024, Defendant's counsel again articulated Defendant's intent and willingness to commence litigation against Plaintiffs, noting that

6

Defendant "will proceed with the legal recourse that is available to us" if Plaintiff does not comply with its demands. [*Id.*]

17. Defendant's actions and communications give rise to a justiciable controversy at least regarding Plaintiff's right to use the name Revelation Wellness Med and domain www.revelationwellnessmed.com for medical-grade cosmetic services free of any allegation that such use constitutes an infringement of Defendant's alleged trademark rights.

## **COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF TRADEMARK**

18. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

19. Defendant has created a present and actual controversy between it and Plaintiffs concerning the matter of whether Plaintiffs' use of the name Revelation Wellness Med or the domain www.revelationwellnessmed.com infringes one or more of Defendant's trademarks.

20. As a justiciable controversy exists by way of the credible threat of immediate litigation and demand that Plaintiffs cease using the name Revelation Wellness Med and the domain www.revelationwellnessmed.com, Plaintiff seeks relief from this Court.

21. Plaintiffs use of the name Revelation Wellness Med in connection with medical-grade cosmetic services and staffing services does not infringe any trademark rights claimed by Defendant.

22. Plaintiffs are entitled to request a declaratory judgment that they are not infringing, have not infringed, and are not liable for infringing any allegedly enforceable trademark rights owned by Defendant.

### COUNT II – DECLARATORY JUDGEMENT OF NO CYBERPIRACY UNDER THE ANTICYBERQUATTING CONSUMER PROTECTION ACT

23. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

24. Defendant has created a present and actual controversy between it and Plaintiffs concerning the matter of whether Plaintiffs' use of the domain www.revelationwellness.com violates the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

25. As a justiciable controversy exists by way of the credible threat of immediate litigation and demand that Plaintiffs cease using the domain www.revelationwellnessmed.com and transfer it to Defendant, , Plaintiff seeks relief from this Court.

26. Plaintiffs' use of the domain www.revelationwellnessmed.com in connection with medical-grade cosmetic services does not violate the Anticybersquatting

8

Consumer Protection Act, 15 U.S.C. § 1125(d) because plaintiff has no bad faith intent to profit from any trademark of Defendant nor is the domain identical to or confusingly similar to any trademark belonging to Defendant.

27. Plaintiffs are entitled to request a declaratory judgment that they are not violating the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

### **COUNT III – COMMON LAW INJURIOUS FALSEHOOD**

28. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

29. Defendant published false statements to Facebook concerning Plaintiffs' alleged infringement of Defendant's alleged trademark rights knowing that such statements were false or acting in reckless disregard for their truth or falsity.

30. Defendant knew or should have known that the publication of false statements to Facebook would likely result in pecuniary loss or the harm to Plaintiffs' interests having a pecuniary value.

31. Plaintiffs were harmed by Defendant's false statements to Facebook, which resulted in Facebook disabling Plaintiffs' Facebook pages. Due to these false statements, Plaintiffs have suffered damages including special damages.

### COUNT IV – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

32. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

33. Defendant published false or misleading representations of fact to Facebook in the form of reports wrongly alleging that Plaintiffs were infringing Defendant's alleged trademark rights.

34. These false representations of fact disparaged the services, business, and/or reputation of Plaintiffs in violation of the Michigan Consumer Protection Act, MCL § 445.903.

35. Plaintiffs were harmed by Defendant's false statements to Facebook, which resulted in Facebook disabling Plaintiffs' Facebook pages. Due to these false statements, Plaintiffs have suffered damages as well as at least harm to Plaintiffs' business reputation and business expectancies.

36. Plaintiffs are entitled to their actual or statutory damages and to injunctive relief preventing Defendant from continuing its unlawful acts under MCL § 445.911.

### PRAYER FOR RELIEF

Plaintiffs pray for the entry of a judgment against Defendant as follows:

A. Holding that Plaintiffs' use of the name Revelation Wellness Med for medical-grade cosmetic services and staffing services is not infringing any trademark rights of Defendant;

B. Holding that neither the company name Revelationwellnessdoc PLLC nor the assumed name Revelation Wellness Med infringes any trademark rights of Defendant;

C. Holding that Plaintiffs' use of the domain name www.relevationwellnessmed.com for medical-grade cosmetic services is not violating the Anticybersquatting Consumer Protection Act;

D. Holding that Defendant has committed common law injurious falsehood by making false reports to Facebook concerning Plaintiffs;

E. Holding that Defendant has violated the Michigan Consumer Protection Act by making false reports to Facebook concerning Plaintiffs;

F. Enjoining Defendant from making false statements concerning Plaintiffs' use of the name Revelation Wellness Med to any third party;

G. Awarding Plaintiffs their actual and/or statutory damages resulting from Defendant's actions;

H. Awarding Plaintiffs all other costs and expenses to the extent permitted by law; and

I. Awarding such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: October 29, 2024                Respectfully submitted,

**EVIA LAW PLC**

/s/ Jessica Fleetham
Jessica Fleetham (P81038)
32400 Telegraph Ste. 103
Bingham Farms, MI 48025
248.243.1201
jessica@evialaw.com

*Attorneys for Plaintiffs*